RICHARD JOSEPH SCHREIBER,

        Plaintiff,

  v.

        Case No. 22-cv-1359-pp

JOHN DOE, *et al.*,

        Defendants.

**ORDER CONSTRUING PLAINIFF'S LETTER AS MOTION TO WAIVE INITIAL PARTIAL FILING FEE AND DENYING MOTION (DKT. NO. 5) BUT EXTENDING TIME FOR PLAINTIFF TO PAY INITIAL PARTIAL FILING FEE[1]**

The plaintiff, who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights, dkt. no. 1, along with a petition for leave to proceed without prepaying the filing fee, dkt. no. 2. The plaintiff was confined at the Brown County Jail when he filed his complaint, but the Brown County "Inmate Lookup Tool" indicates that he is no longer

---

[1] On December 5, 2022, the court received a letter from the plaintiff, complaining about the conditions at the jail, including an allegation that staff have retaliated against him for filing grievances by putting him in segregation. Dkt. No. 9. He indicated that he was sending the letter to the court in case something happened to him and asked that the court contact his family if something did happen. Id. at 3. The plaintiff asked the court whether the court received his "grievances," explaining that there would be four, big envelopes "coming for judicial review," as well as an appeal from decisions issued by Judge Griesbach in Green Bay. Id. The court does not address grievances. If the plaintiff wants to sue based on the conditions of confinement, he may file lawsuits. As for any appeals he may have filed from the decisions of other judges, he may contact the clerk's office to ask whether it has received any notices of appeal.

1

there; he apparently was released on December 19, 2022. https://lookup-inmate-jail.browncountywi.gov. On November 17, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $17.17. Dkt. No. 4. The plaintiff filed a letter stating he was "$60.00 negative" and that he cannot pay the initial partial filing in this case and another he filed on the same day as this case (Schreiber v. Doe, *et al.*, Case No. 22-cv-1360-pp). Dkt. No. 5 at 2. According to the plaintiff, he cannot get money unless someone sends it to him and he doesn't know when that will be. Id. The court will construe the plaintiff's letter as a motion to waive the initial partial filing fee and will deny the motion but extend the time for the plaintiff to pay the fee.

The Prison Litigation Reform Act (PLRA) requires an incarcerated individual to pay an initial partial filing fee of twenty percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint before the court considers the merits of the case. 28 U.S.C. §1915(b)(1); see also Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). The court assessed an initial partial filing fee of $17.17 based on the application of this statutory formula. Dkt. No. 4. The PLRA requires the plaintiff to pay this initial partial filing fee unless he lacks assets and means to pay it. See 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has *no*

2

*assets and no means* by which to pay the initial partial filing fee.") (emphasis added).

The plaintiff's trust account statement shows that he had a balance of $ - 43.63 when he filed the complaint (dkt. no. 3 at 10), which means that he lacked assets to pay the initial partial filing fee. The plaintiff's trust account statement transactions, however, show the following deposits into his trust account: $60 (8/8/2022); $47 (8/11/2022); $40 (8/11/2022); $50 (8/30/2022); $100 (9/13/2022); $140 (9/20/2022); $40 (10/25/2022); $20 (11/2/2022). Dkt. No. 3. The statement also shows that the plaintiff primarily spent his money on using the telephone, stamps, envelopes, copies and canteen purchases, including hygiene supplies and snacks, with the majority being spent on canteen snacks. Id.

The plaintiff's trust account statement shows that he regularly received deposits to his account, and he therefore had the means to pay the $17.17 initial partial filing fee. See Newlin, 123 F.3d at 435 ("A prisoner with periodic income has 'means' even when he lacks 'assets.'"). Based on the plaintiff's status when he filed his letter, the court cannot conclude that the plaintiff lacks the means to pay the initial partial filing fee, especially when any deposits he received since August 2022 were quickly spent. Under the PLRA, the plaintiff is required to pay the $17.17 initial partial filing fee, as assessed. The court will, however, allow the plaintiff more time to pay the fee.

The court will send this order care of the plaintiff's state supervising officer but reminds the plaintiff that it is *his responsibility* to inform the court

3

of any change of address. The plaintiff must notify the Clerk of Court any time his address changes. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court **CONSTRUES** the plaintiff's letter as a motion to waive the initial partial filing fee and **DENIES** the motion.

The court **ORDERS** that the time for the plaintiff to pay the $17.17 initial partial filing fee is **EXTENDED** until the end of the day on **February 28, 2023**.

The court **ORDERS** that the plaintiff must forward to the Clerk of Court the sum of **$17.17** as an initial partial filing fee, in time for the court to *receive* it by the end of the day on **February 28, 2023**. If the court does not receive the $17.17 initial partial filing fee, or a request for more time to pay it, by the end of the day on February 28, 2023, the court will conclude that the plaintiff has decided to voluntarily dismiss his case and the court will dismiss it without prejudice. The plaintiff will still owe the $350 filing fee.

Dated in Milwaukee, Wisconsin this 25th day of January, 2023.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**

4

Case 2:22-cv-01359-PP   Filed 01/25/23   Page 4 of 4   Document 10